Platt, J.,
delivered the opinion of the court. If the articles of machinery in question be regarded as real estate, then, undoubtedly, the plaintiffs, as mortgagees in possession, before the sale, had a rightful possession ; and the defendant, as purchaser under a junior judgment, had no right to take the machinery away. By the severance, the machinery became the personal property of the plaintiffs, who owned the realty from which it was severed; it is, therefore, a proper subject of re-plevin, though it may have been part of the freehold, whpn it was sold by the sheriff.
Upon examination of the authorities, so fully collected and so well summed up by Lord Ellenborough, in the case of Elwes v. Maw, (3 East’s Rep. 28.) I am of opinion that the spinning frames and carding machines, situated as they were, are personal property; if so, then the two frames for spinning flax, which were not included in the mortgage, were bound by the execution which was delivered to the sheriff, four days before they were delivered and pledged to the plaintiffs, as security for their debt. The levy of the execution was sufficient. After having levied on goods with one fieri facias, if the sheriff receives a second fi. fa., the first levy is sufficient for both executions.
*But I incline to the opinion that the sale on the fieri facias was irregular and void ; because the sheriff sold the machinery at Troy, six miles distant from the place where the property was at the time ; and because he sold the factory and machinery jointly together, without any discrimination. In Sheldon v. Soper, (14 Johns. Rep. 352.) the court said, “The sheriff did not even know the goods, or pretend to sell them specifically, and to sanction such sales would open a door to innumerable frauds.” The same general principle, in order “ to guard against fraud, and to preserve fairness and integrity at public auctions,” was laid down in regard to the sales of real property by vague and general description, in the case of Jackson, ex dem. Jones, v. Striker, (1 Johns. Cas. 287. See also Woods v. Morell, 1 Johns. Ch. Rep. 502.)
Independently of the latter objection to the sheriff’s sale, the plaintiffs would be entitled to recover for the one frame for spinning tow, and the two carding machines, the title to which was vested in them long prior to the judgment of Hudson against Chapman, whether it be regarded as real or personal estate ; and on the ground of the objection to the mode of sale under the execution, I think the defendant acquired no right to the two frames for spinning flax. The court are, therefore, of *106 opinion, that the plaintiffs are entitled to judgment for the whole machinery, according to the verdict.
Judgment for the plaintiffs, (a)

 Vide Linnendoll v. Doe, 14 Johns, Rep. 222. Haggerty v. Wilber, 16 Johns. Rep. 287.