By the Court,
Nelson, Ch. J.
It is well settled that where a sheriff has seized gopds under one execution, and then another execution against the samp defendant copies to his hands, the seizure under the first enures by way of constructive levy for the benefit of the second. (Cresson v. Stout, 17 John. Rep. 116.) In Russell v. Gibbs, (5 Cowen’s Rep. 390,) the doctrine was applied, though after the first levy and before the receipt pf the second execution the goods were removed out of jite state, and remained there until the return day of the second paceeutipn had passed. The principle is this : The object as well as the pffpct of an actual levy is, to bring the goods into the possessiop and under the control of the sheriff, for the double purpose of safe-keeping, and to enable him, by a sale, to apply the proceeds in payrnent of the debt. After seizure they are in the custody of the law? or of one of its ministers, until a sale and delivery to the purchaser ; and an actual *161 levy under the second execution would therefore be but an idle formality, (a)
It is also well settled that, on an execution against one of two partners, joint tenants or tenants in common, the sheriff in levying upon their joint effects seizes, not the mere moiety or share of the defendant in the execution, but the whole of the common interest—the corpus of the joint estate—thus bringing it under his exclusive dominion and control. (Phillips v. Cook, 24 Wend. 389.) The custody of the sheriff appears to be as effectual for all the purposes of a sale, as in the case of a seizure of separate property. He acquires such a special property in the goods, that he can maintain trespass or trover for them against all persons, save, perhaps, the co-partner or co-tenant. (Gilb, on Ex. 15 ; Colly. on Part. 474, cd. of 1839 ; Watson on Sheriffs, 182, 191.)
It seems to me, therefore, that the ground for applying the principle of a constructive levy as it respects the wheat which Houghtailing purchased after the seizure by the sheriff, is much stronger than in the familiar cases mentioned. There, it results from a prior seizure of the goods by virtue of an independent execution $ while here, we are only called upon to give effect to a seizure made under the same writ. True, as a general rule, where the sheriff seizes goods owned jointly, on an execution against one of two owners, he can sell no more than the debtor’s share.(b) And why 1 Because the goods, though brought under the sheriff’s control in virtue of the levy, are held by him subject to the interest of the other owner, whose share cannot be applied in payment of a separate demand. But when such share is released to the defendant in the execution, as it was in the present case, there remains no longer any reason for a limited or qualified sale, and it may, I think, be made co-extensive with the levy. Indeed it is doubt *162 ful if a sale of an undivided interest, after the extinguishment of the shares, would be upheld.
This view is confirmed also by the case of Bachurst v. Clinkard, (1 Show. 173.) There it was held that if the good of two partners be taken in execution against one, and an execution against the other partner be subsequently received by the sheriff, he is bound to hold them seized, one moiety for the execution against one partner, and the other moiety for the execution against the other partner ; and if he return the second writ nulla bona, in such case, he renders himself liable for a false return., (Watson on Sheriffs, 182, 3; Colly. on Part. 474 ; Heydon v. Heydon, 1 Salk. 392.)
There may be some doubt upon the remaining branch of the case, whether the transaction between Houghtailing and Ray, in respect to the turning out of the wheat, did not constitute a pledge instead of a mortgage; but as no point of that kind was raised on the argument, we will assume it to be a mortgage. The question then is, upon Ray’s right to be treated as a bona fide purchaser, within the meaning of 2 R. S. 366, § 17. This section is as follows : C£ The title of any purchaser in good faith, of any goods or chattels, acquired prior to the actual levy of any execution, without notice of such execution being issued, shall not be divested by the fact that such execution had been delivered to an officer to be executed before such purchase.was made.” At common law the execution bound the goods from the teste, even as against a sale to a bona fide purchaser; (Anonymous, Cro. Eliz. 174 ; see also Audley v. Halsey, Cro. Car. 148 ;) but the statute 29 Car. 2, ch. 3, § 16, qualified the rule, so as to render sucfi a sale good if made at any time before the delivery of the writ to the sheriff. Our statute .has extended the qualification by giving validity to sales made before actual levy, without notice of the execution. (Butler v. Maynard, 11 Wend. 548.) These enactments, and the statutory provisions against sales made to ££ hinder, delay, or defraud creditors” &c., (Slat. 13 Eliz., ch. 5, 2 R. S. 136, § 5, id. 137, § 1,) are in pari materia, and should be construed *163 together. Now it has been repeatedly held, notwithstanding the statutes last mentioned, that a debtor, though in failing circumstances, has the right to give preference to a creditor; and that he may pay or secure him by the delivery of goods, pending a suit and before any lien attaches, provided the delivery be accompanied with a complete change of possession and there be no actual fraud. (Holbird v. Anderson, 5 T. R. 235 ; Pickstock v. Lyster, 3 Maule § Selw. 371 ; Grover v. Wakeman, 11 Wend. 187.) It follows, therefore, that a bona fide preexisting debt constitutes a valuable consideration; and there can be no doubt that Ray, though a mortgagee, must be deemed a purchaser pro tanto within the statute under consideration. (Chapman v. Emery, Cowp. 278 ; White v. Hussey, Prec. in Ch. 13 ; Coote on Mort. 355.) The claim of superior equity arising out of the judgment over the simple contract creditor, urged in argument by the plaintiff in error, was also urged in Holbird v. Anderson; but the court answered, that all debts were of equal degree inter vivos, and, of course, equally conscientious and due to the creditor. The principle of Coddington v. Bay, (20 John. Rep. 637,) and of that class of cases, has no application to the present. Assuming what the jury have found, viz. that the debt of Ray, and the transaction between him and Houghtailing as to the turning out of the wheat-, were bona fide, the equities of the respective parties here are balanced; and the one first acquiring the legal right is, in such cases, to be preferred.
Judgment reversed.

 See Van Winkle v. Udall, (1 Hill, 559.)

 See Waddell v. Cook, (2 Hill, 47, and note (a).)