## Case No. 12,972.

### In re SMITH et al.

[2 Ben. 122.][1]

District Court, S. D. New York. Jan., 1868.

COSTS—CLERK'S AND MARSHAL'S FEES.

[In the matter of John P. Smith and James Smith, bankrupts.]

[See Case No. 12,973.]

## Case No. 12,973.

### In re SMITH.

[2 Ben. 432;[1] 1 N. B. R. 599 (Quarto, 169); 1 Am. Law T. Rep. Bankr. 112.]

District Court, S. D. New York. May, 1868.

JUDGMENT—LIEN—EXECUTION AND LEVY.

1. Where, before a petition in involuntary bankruptcy was filed, two judgments had been

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

entered, in a state court, against the bankrupts, on each of which executions had been issued to a sheriff, and he had made an actual levy, under the first one which came to his hands, on personal property of the bankrupts, they also having real estate on which the judgments were liens, the validity and bona fides of the judgments not being attacked: *Held*, that the receipt, by the sheriff, of the second execution, after the levy made under the first one, operated as a constructive levy under the second one, and an actual levy under it was unnecessary.

[Cited in The Haytian Republic, 60 Fed. 293.]

2. The judgments were liens on the real estate of the bankrupts, as against the assignee in bankruptcy, and came within the saving clauses of sections 14 and 20 of the bankruptcy act [of 1867 (14 Stat. 522, 526)].

[Cited in Re Dey, Case No. 3,870.]

3. The sheriff, therefore, should be allowed to sell the personal property, to satisfy the two executions, and, if there was not enough to satisfy them, the deficiency would continue a lien on the real estate, and the court would then determine, on the application of the assignee, how it should be discharged.

[In the matter of John P. Smith and James Smith, involuntary bankrupts. See Case No. 12,972.]

John Henry Hull, for J. W. & W. H. Morgan.

W. S. Hascall, for Barkley & Turtler.

A. Fallon, for assignee.

BLATCHFORD, District Judge. The facts in this case are as follows: On the 25th of October, 1867, John F. Barkley and Jacob C. Turtler recovered a judgment in the supreme court of New York, against John P. Smith and James Smith, the bankrupts, for $334.10. A transcript of said judgment was filed and docketed in the office of the clerk of the county of Rockland, where the debtors resided, and where real estate owned by them was situated, on the 29th of October, 1867. By the filing and docketing of such transcript, the judgment, according to the law of New York, became a specific lien on such real estate. On the 30th of October, an execution, issued on the judgment to the sheriff of Rockland county, was received by him. Under that execution, he, on the 1st of November, 1867, made a levy on certain personal property of the bankrupts.

On the 2d of November, 1867, John W. Morgan and William H. Morgan recovered a judgment in the supreme court of New York, against the bankrupts, for $213.91. A transcript of said judgment was filed and docketed in the office of the clerk of the county of Rockland, on the 4th of November, 1867. On the 5th of November, at 10 o'clock a. m., an execution, issued on this judgment to the sheriff of Rockland county, was received by him. Nothing was done by the sheriff under that execution, except to hold it.

On the 5th of November, 1867, at 3 o'clock p. m., the petition in this matter, it being a case of involuntary bankruptcy, was filed.

The assignee in bankruptcy does not contest the validity of either of the judgments, or impeach the bona fides of the executions,

or of the liens, whatever they were, acquired by the recovery of the judgments and the issuing of the executions and the levy, nor does he object to the application to the executions, in their order, of the proceeds of the personal property actually levied on by the sheriff under the first execution. The receipt of the second execution, after the levy under the first one, and while such levy remained in force, operated as a constructive levy under the second, and an actual levy under it was unnecessary. Cresson v. Stout, 17 Johns. 116; Van Winkle v. Udall, 1 Hill, 559.

The judgments became, both of them, liens on the real estate of the bankrupts, as against the assignee in bankruptcy, such liens having been perfected before the commencement of the proceedings in bankruptcy. The liens on the real estate, by the docketing of the judgments in Rockland county, and the levy under the first execution, it operating also as a levy for the second execution, are such liens as are within the saving clauses of sections fourteen and twenty of the bankruptcy act.

An order will, therefore, be made, that the sheriff be at liberty to sell the personal property on which he levied, or so much thereof as may be necessary to satisfy the two executions, and apply the proceeds thereto in the order of the receipt of the executions by him. If there shall be any deficiency to satisfy either execution, it will continue to be a lien on the real estate, and it will then be for the court to determine, on the application of the assignee or the creditor, on notice, whether the lien shall be discharged by the assignee under general order No. 17, or whether some other of the courses provided for by sections fourteen and twenty shall be adopted. The assignee objects to paying the deficiency out of the personal property of the bankrupt in his hands. No reason for this objection is assigned. Under section fourteen, the assignee is authorized, under the direction of the court (and general order No. 17 was made to carry out this provision), to discharge a lien on real estate, or to sell the real estate, subject to the lien.