## G. A. JONES v. T. D. BULL.

### Decided November 23, 1896.

1. **Trial of Right of Property—Limitation—Amendment—New Cause of Action.**

   In a suit for trial of right of property taken by claimant's bond, an amendment containing allegations by which,—if there could be no recovery in the proceeding under the statute,—it was sought to recover of claimant and his bondsmen as at common law, for tort in removing and converting the property, presented a new cause of action, to which exceptions were properly sustained where it was barred by limitation before the filing of the amendment. (Pp. 191, 192.)

2. **Real Estate—Fixtures Wrongfully Severed—Remedy.**

   When a portion of the realty is wrongfully severed from the soil, the rightful owner may recover that part which has been so severed in any appropriate proceeding, and will not be driven to a suit for damages to the land itself. (P. 192.)

3. **Same—Trial of Right of Property.**

   Machinery,—a fixture and a part of certain land against which a mortgage was foreclosed and an order of sale issued,—was taken, under a statutory delivery bond, by a claimant whose title proved inferior to that of the mortgagee. (Claimant's title was through attachment and sales of the machinery as personal property in a suit against the mortgagor, and was held invalid on the ground that the property was a fixture.) Held, that though, the property being real estate, the claimant had wrongfully obtained and could not retain the possession under his statutory bond (such procedure being only applicable to personal property) claimant and his bondsmen could not defend against the right of the mortgagee to a recovery on this bond, and such recovery could be had in the statutory proceeding to try the right of property under article 5286 of Revised Statutes. (Pp. 192 to 194.)

4. **Same.**

   The character of the property at the time of claimant's levy and sale determined the question of title; but the character of it at the time the mortgagee was required to appear in court and contest the right of the claimant thereto governs the procedure by which that right should be determined and the remedy administered. (Pp. 193, 194.)

5. **Same—Estoppel.**

   In such case the application of the doctrine of estoppel will not have the effect to prevent a recovery by the plaintiff in the foreclosure, though he has throughout the proceeding claimed the property to have been originally real estate; but claimant and his bondsmen, who took possession of it as personal property by virtue of the bond and, after severing it from the realty, converted it, are estopped from urging the fact that it was realty and not subject to claim under the statute as a reason for denying a recovery against them in trial of the right of property. (P. 194.)

6. **Same.**

   This case distinguished by its pleadings from that presented on the former appeal (Bull v. Jones, 9 Texas Civ. App. 346). (Pp. 194, 195.)

ERROR to Court of Civil Appeals, Second District, in an appeal from Eastland County.

The proceeding was a trial of right of property under the statute. Jones held a mortgage on a tract of land, including certain gin machinery fixtures thereon, which mortgage he foreclosed and took out order of sale. Bull, who claimed to own the machinery under a levy and sale of it as personal property on a judgment against the mortgagor, which proceedings, however, had left it still attached to the land, filed a claimant's bond, under which he took possession of and converted the machinery. A recovery by claimant Bull was reversed by the Supreme Court. (Jones v. Bull, 85 Texas, 136.) A recovery by Jones on a second trial was reversed on appeal by the Court of Civil Appeals. (Bull v. Jones, 9 Texas Civ. App., 346.) The third trial resulted in a recovery by Bull, from which Jones appealed, and, on affirmance of the judgment (29 S. W. Rep., 804) obtained writ of error. The facts are stated in the opinion.

*R. B. Truly,* for plaintiff in error.—When a cause is reversed and remanded by the Appellate Court, it must be tried upon the pleadings filed at the time of the trial in the lower court after the appeal. The trial is de novo entirely, unless upon the second trial it is directed by the Appellate Court that only some particular matter of fact shall be inquired into and ascertained. Upon the trial in which the judgment in this case was rendered, and from which this appeal is prosecuted, the amended tender of issues last filed by the appellant, stated all the facts necessary and proper for a recovery against all of the appellees upon the claimant's bond as a statutory bond; the facts alleged are sufficient to remove all objections suggested by this court in its last decision in this case, and (as the facts alleged must be taken as true in deciding upon the demurrers and exceptions of the appellees), the facts alleged are amply sufficient to entitle the appellant to recover upon the bond as a statutory bond for the trial of the right to property. Sayles' Ann. Rev. Stats., arts. 4822 to 4845; Bull v. Jones, 29 S. W. Rep., 804 to 806; Jones v. Bull, 19 S. W. Rep., 1031; Johnson v. Erskine, 9 Texas, 1; Ward v. Hubbard, 62 Texas, 568; Portis v. Parker, 8 Texas, 23; Miller v. Clements, 54 Texas, 355; 1 Willson C. C., sec. 737; 24 Am. & Eng. Encycl. Law, 746, notes and examples; note entitled "Effect of Bond"—"Estoppel of defendant," 8 Am. & Eng. Encycl. Law, 567; Ft. Worth Pub. Co. v. Hitson—on rehearing—80 Texas, 234; House v. Phelan, 83 Texas, 595; Rev. Stats., arts. 3205-3206.

In statutory proceedings of trial of right to property, the statute contemplates and provides for the trial of the ownership, title, or right of possession in the property as between the plaintiff and the claimant, upon issues made up by them under direction of the court. The making of the affidavit and filing of the claimant's bond required by statute puts

the plaintiff, and the claimant and his sureties on the bond, into court, and authorizes summary judgment against the principal and sureties on the bond in case the claimant fails to establish his claim on the trial of the case. There is no provision made by statute, and no law to authorize the sureties to appear in this proceeding of trial of right to property and to contest the issues by independent pleadings of their own. In a suit upon the bond as a common law obligation, it is both proper and necessary for the plaintiff to properly declare upon the same by proper petition, to pray for judgment against the principal and the sureties, and to cite them to appear. It then becomes legal and proper for the sureties and principal to file answer, and to set up such legal defenses as they may have. Sayles Ann. Rev. Stats., arts. 4822-4823-4824-4825-4826-4827-4829-4832-4833-4834-4835-4843; White & W. C. C., secs. 931-932.

The defendants, appellees, will not be permitted to deny the recitals in the bond and are estopped to deny its validity because of the fact that it was finally decided to be a bond for the forthcoming of property annexed to the realty, and fixtures; that being the question in dispute between the parties, and which upon the evidence may have been decided. Portis v. Parker, 8 Texas, 23; Miller v. Clements, 54 Texas, 355; 1 White & W. C. C., sec. 727; 24 Am. & Eng. Encycl. Law, 746; Zurcher v. Krohne, 63 Texas, 122.

*D. G. Hunt,* for defendants in error.—Appellant in pursuing his remedy on said bond will not be permitted to divide the same into two different causes of action and, having unsuccessfully pursued one course, will not now be permitted to come in with a second and claim that the first suit, although unauthorized and void, will prevent the running of the statute of limitation as to second. Sayles' Plead., secs. 53, 54, 22 and notes; 13 Am. & Eng. Encycl. Law, 744 to 747; 63 Texas, 272; 64 Texas, 98.

BROWN, ASSOCIATE JUSTICE.—From the record in this case we glean the following statement as the facts upon which the proceeding was based: The plaintiff in error, G. A. Jones, held a mortgage on a certain tract of land of one acre, with gin machinery situated thereon, in Eastland County, then owned by his son, J. S. Jones. The mortgage is not assailed in any way by the proceedings, and we presume that it was regularly recorded and held its lien as against the defendant Bull.

J. S. Jones was indebted to T. D. Bull, who sued out a writ of attachment in the County Court of Eastland County against said J. S. Jones and had the attachment levied upon the gin machinery, but not upon the land. Subsequent to the levy of the writ of attachment Bull made application to the county judge for an order to sell the said gin machinery; we presume, because it was regarded as perishable property, but this is not made plainly to appear upon the record of this case.

The property was sold under order of the county judge and purchased by T. D. Bull, but remained attached to the land as it was before the levy, until at a subsequent date, which is not made to appear clearly, the plaintiff G. A. Jones, in a suit in the District Court against J. S. Jones, foreclosed his mortgage upon the said land upon which the machinery was then situated. When the order of sale was issued out of the District Court, the defendant in error Bull filed an affidavit as the claimant of the said property, describing it as "one Simmons cotton press; one eighty-saw Brown cotton gin feeder and condenser complete; one twenty horse-power engine, stationary, manufactured by Sinker, Davis & Co., Indianapolis, Ind.;" stating that the said property had been lately levied upon as the property of J. S. Jones by the sheriff of the county under order of sale issued upon the judgment foreclosing a lien of the mortgage upon the said land.

T. D. Bull, as principal and claimant of the said property, with J. P. Shannon and L. C. Downtain as his sureties, executed a statutory claimant's bond payable to G. A. Jones in the sum of $1800, and conditioned as the law requires for such a bond. The sheriff delivered the machinery described in the claimant's affidavit to T. D. Bull, who removed the same from the premises.

The case was tried in the District Court, in which the claimant T. D. Bull recovered judgment against G. A. Jones, which judgment was by the Supreme Court reversed and the cause remanded. A subsequent trial was had in the District Court, when G. A. Jones recovered judgment against T. D. Bull and his sureties, which judgment was reversed by the Court of Civil Appeals of the Second Supreme Judicial District, and the cause remanded for another trial; after which G. A. Jones filed what is termed his "first amended petition and tender of issues," which was filed in lieu of all previous pleadings.

The pleading last mentioned above was filed on the 14th day of May, 1895, and, in substance, alleged that, at the time the defendant Bull filed his affidavit of claim to the property and gave the bond, the plaintiff was in the possession of the property in controversy; and further alleged that, at the time the issues then presented were filed, the plaintiff was the lawful owner of the property described in the affidavit of the defendant. It is alleged that at the time of the levy of the writ of attachment under which the defendant Bull claimed the property it was attached to and a part of a tract of land consisting of one acre, of which the plaintiff then had possession as mortgagee, holding the same under a valid mortgage to secure a debt of $1000 due from J. S. Jones to him; that in levying the writ of attachment the sheriff did not detach the property levied upon from the land, but left it as it was—in the possession of the plaintiff; and that, after the said levy was made, the defendant Bull, in a suit in his favor against J. S. Jones in the County Court of Eastland County, in which suit the writ of attachment was sued out, procured from the judge of that court an order for the sale of

the said property, under which order the property was sold and bought in by the defendant Bull, but was not removed or disconnected from the land, but that it still remained as a part of the said land, attached thereto and in the possession of the plaintiff; that, after the sale of the said property and purchase by Bull, the plaintiff foreclosed his mortgage upon the land and the machinery then being upon it in a suit in the District Court against J. S. Jones, a decree being rendered in the said cause foreclosing the lien of the mortgage in favor of the plaintiff and ordering a sale of the said premises; that an order of sale was issued out of the District Court in favor of plaintiff against J. S. Jones to the sheriff of Eastland County, directing him to sell the said land upon which the said machinery was then situated, whereupon the defendant Bull made and filed the affidavit of claim of the said machinery and executed and delivered his bond in accordance with the statute for the trial of the right of property, whereupon the sheriff of Eastland County delivered the machinery to Bull, who removed it from the land and converted it to his own use.

As a part of the foregoing pleading and denominated "the second count," the plaintiff set up that in case he was not entitled to recover upon the grounds alleged in the preceding part of the pleading, he then made the following allegations as entitling him to recover from the defendant Bull and his sureties Shannon and Downtain:   In substance he alleged that on the 28th day of June, 1889, he was in the lawful possession of the tract of land, describing it, upon which the machinery in controversy was situated and to which it was attached as a part thereof, and that he was at that time the owner of the said land and the machinery; that the said Bull, Shannon and Downtain combined and confederated together to deprive him of the possession of the said machinery, and, under the semblance of a legal proceeding, made the affidavit and claim bond before described, and by means of such unlawful proceeding procured from the sheriff of Eastland County possession of the said machinery, separated it from the land, carried it away and converted it to the use of said defendant Bull.  This plea set up the bond given and sought to recover upon it as a common law bond.  The allegations of the plea were such as to embrace both an action for the tort in removing and converting the property, as well as upon the bond given by the defendants.

To this pleading defendant Bull made no answer and seems not to have appeared upon the trial, but the defendants Shannon and Downtain filed a general demurrer and special exceptions to the said pleading.  Among other things, they excepted specially upon the ground that the cause of action as set out in the pleading was barred by the statute of limitations of two and four years.

The District Court sustained the exceptions setting up the statute of limitations and, the plaintiff refusing to amend, the court dismissed the proceeding as to Shannon and Downtain and entered judgment against

Bull. The plaintiff duly excepted to the action of the court in sustaining the exceptions and dismissing his case as to the defendants Shannon and Downtain and appealed to the Court of Civil Appeals, which affirmed the judgment of the District Court.

The second count of the plaintiff's amended tender of issues and original petition, as he styles it, filed May 14, 1895, set up a new cause of action, which was barred by the statute of limitations, and the exception based upon that ground was properly sustained as to so much of the pleading as is embraced in the second count.

The first part or count of the pleading consists in the tender of issues by the plaintiff as is required by the statute, and to this portion of the pleading the statute of limitations did not apply. It was error in the trial court to dismiss the whole case of the plaintiff as against the sureties of the defendant Bull upon sustaining their exception, unless it be true that the issues tendered by the plaintiff show no right in him to recover as against the sureties upon the claim bond.

Our statute provides a summary method for getting possession of personal property seized by an officer under a writ of "execution, sequestration, attachment or other like writ," when claimed by any person not a party to the writ. Rev. Stats., article 5286.

If the property levied upon was, at the time, so attached to the land as to be in law a part of it, the statutory remedy for the trial of the right to property did not apply, and defendant Bull had not the right to file his affidavit of claim and bond with the officer making the levy and thereby to secure the possession of the property. But, having resorted to that remedy, and by that means having obtained possession of the property as personalty and severed the same from the soil, the question is now presented to us: Can the plaintiff hold him and his sureties liable for the property or its value in the same proceeding and enforce the statutory bond given by them in order to secure the possession of the property?

When a portion of the realty is wrongfully severed from the soil, so as to give to it after being so severed the character of personalty, the rightful owner of the land, if in the actual possession thereof or having constructive possession with the right of actual possession, may recover that part which has been so severed in any appropriate proceeding, and will not be driven to a suit for damages to the land itself. Laflin v. Griffiths, 35 Barb., 58; Kimball v. Lohmas, 31 Cal., 154; Huebschmann v. McHenry, 29 Wis., 655; Johnson v. Elwood, 53 N. Y., 431; Cresson v. Stout, 17 Johns., 116; Harlan v. Harlan, 15 Pa. St., 507; Ogden v. Stock, 34 Ill., 522.

The case of Laflin v. Griffith, cited above, involved very much the same state of facts as in this case. In that case the mortgagee of a tract of land was in the actual possession of it, and upon it was machinery which the mortgagee claimed to be a part of the realty. Another creditor obtained a judgment against the mortgagor and caused his execu-

tion to be levied upon the machinery, claiming it to be personalty and not subject to the mortgage, but liable to the satisfaction of his execution. The sheriff took possession of the machinery and removed it from the land, whereupon the mortgagee proceeded to foreclose his mortgage upon the land and purchased it at the sale under the decree of foreclosure. He then sued the sheriff for possession of the machinery, and the objection was made in that case, as in this, that, if the machinery was a part of the land and subject to the mortgage, the plaintiff could not maintain that action for the recovery of the specific article, but must resort to a suit for damages to the land itself. The court, however, held that the mortgagee could recover in that case, and in the course of the opinion said: "Nor can there be any doubt, if the property before attached were fixtures, that the person having the title to the realty could sue for the specific recovery of the things themselves, or in trespass for the damages to the freehold. A tort feasor has no right to complain of the form of the remedy; nor is the owner of machinery, of which the chief value may be its immediate employment on the premises, to be debarred of legal process for its immediate recaption for the purposes of such employment.

"It seems to me, however, that the mortgagee was in possession of the premises at the time of the removal of the machinery, so that the taking was from his actual possession; a possession which his subsequent foreclosure and sale ripened into an absolute instead of a conditional one, as it was when he took the possession."

The object of filing the claim bond and affidavit was to submit to judicial investigation the question as to whether the property was a part of the realty and subject to sale under the decree of the court foreclosing the mortgage, or personalty and the property of the defendant Bull, who had previously purchased it at an execution sale. The claimant by filing his affidavit and bond affirmed that it was personal property, and, as such, took it into his possession, removed it from the premises and converted it to his own use, as is alleged in the tender of issues. He has contended that it was personal property during the entire proceeding until that issue was decided against him by the Supreme Court of this State, after which the sureties on his bond have attempted to set up, in the same proceeding, that the property which Bull received as personal property by virtue of the bond signed by them was in fact a part of the realty and had been so decided by the Supreme Court, for which reason they were not liable upon the bond executed by Bull as principal and by them as his sureties. The Supreme Court decided that at the time the execution in favor of Bull against J. S. Jones was levied upon the machinery, it was a part of the real estate, and that the levy and sale were void and Bull acquired no title. The court did not decide nor intimate that, after the machinery was severed from the soil by Bull by virtue of the proceeding instituted by him, it still retained its character as realty so as to preclude the real owner from recovering it. As its character at

the time of levy and sale under which Bull claimed determined the question of title, so its character at the time that the plaintiff was required to appear in court to contest the right of the claimant thereto determines the procedure by which that right should be determined and the remedy administered.

We have no doubt that the court had the power in this proceeding to determine the rights of the parties as to the property, and if the plaintiff was found entitled to the property to enter judgment upon the claim bond according to the statute. If we had any doubt as to this being a correct construction of the statute itself, we would still hold that by resorting to this remedy and procuring the possession of the property by means thereof, Bull and his sureties upon his bond would be estopped to deny that the property claimed by them was of the character, at the time that it was so claimed, which would give jurisdiction to the court to fully administer the remedies which the law and the evidence showed the parties to be entitled to. Ryan v. Maxey, 43 Texas, 192.

In the case last cited, married women joined with their husbands and others in petitioning the Probate Court to order the sale of certain property of a minor then deceased, when no administration had been granted upon the estate, and for partition of the estate among the heirs. The court proceeded to make the sale necessary to wind up the estate and to partition the remainder, the married women receiving their portion of the property. Subsequently, in a suit to recover land sold by such order, the married women assailed the validity of the order because the Probate Court had no jurisdiction of the subject matter at the time, but the Supreme Court held that they were estopped to deny that jurisdiction which they had invoked and from which they had derived a benefit. The court said: "Two of the heirs were at the time married women. One of these united with her husband in making the application to the court, and the other, with her husband, voluntarily became a party to the proceeding and agreed to the order. To hold that they were not estopped would be to allow them to perpetrate a fraud." To allow Bull and his sureties to inaugurate this statutory proceeding and thereby procure possession of the machinery, convert it to the use of Bull, and then to deny the jurisdiction of the court to administer the law as between the parties in that case, would be to allow them to perpetrate a fraud upon the plaintiff, especially as it now ·appears that Bull has become insolvent and the claim for damages for the land itself is barred by the statute of limitations.

The pleadings of the plaintiff upon which the demurrer was presented at the last trial contained very different allegations from those upon which the Court of Civil Appeals based its judgment on the former appeal. At that time the allegations did not show that the machinery had ever been, in fact, severed from the soil, but rather indicated that it was still, at the time the issues were tendered, in the possession of the plaintiff as a part of the land. Under such allegations the former de-

cision of the Court of Civil Appeals was correct, but under the present allegation, the ruling of the District Court upon the demurrer in so far as it dismissed the tender of issues by the plaintiff was erroneous, and the Court of Civil Appeals committed error in affirming the judgment of the District Court.

It is therefore ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and that this cause be remanded to the District Court.

*Reversed and remanded.*