## STANDARD SAVINGS & LOAN ASS'N et al. v. MILLER et al.

### No. 13667.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1938.

Rehearing Denied April 8, 1938.

Leroy A. & Van Zandt Smith, of Fort Worth, for appellants.

Thompson & Barwise and Sterling C. Holloway, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

On October 2, 1936, this suit was instituted in the district court of Tarrant county, in the Seventeenth judicial district, by the

Standard Savings & Loan Association, of Detroit, Mich., and D. D. McInroe, against E. J. Miller, H. L. Camp, and his wife, Dottie Lee Camp. It was alleged that the defendant Miller is a resident citizen of Brownwood, Brown county, Tex., and the residence of the defendants H. L. Camp and wife is unknown.

The following facts were alleged in plaintiffs' petition: On March 27, 1930, the defendants Camp and wife executed to the plaintiff Standard Savings & Loan Association their promissory note in the principal sum of $1,200, payable at Fort Worth, Tex., with interest thereon from date until paid at the rate of 7⅘ per cent. per annum, payable monthly on the last business day of each and every month, with the further provision that default in the payment of interest for four months after it became due would give the holder of the note option to declare the whole debt due and payable, principal and interest. Contemporaneously with the execution of the note, Camp and wife also executed and delivered to plaintiff their certain deed of trust to secure the payment of the note on lot 16, in block 3, in Brownwood Heights addition to Brownwood, Brown county, Tex. At the time of the execution of the deed of trust, there were permanent improvements upon the lot, consisting of a dwelling house and a garage, which were attached to the soil and became a portion of the real estate covered by the deed of trust. Thereafter, on June 18, 1931, Camp and wife, by their warranty deed, conveyed the front 65 feet of the lot above described to defendant E. J. Miller, and on December 5, 1931, conveyed the balance of the lot to Miller, both of which deeds were duly recorded in the records of deeds of Brown county. By the terms of the deed last mentioned, Miller took the property, subject to the mortgage lien in favor of plaintiff. The garage mentioned was located upon the lot on December 5, 1931, the date of the last deed. After the execution of that deed, Miller, without the knowledge or consent of the plaintiff, removed the garage from its permanent location on lot 16 to another lot belonging to Miller, to wit, lot No. 15. After Miller's acquisition of the lot, the defaults were made in the payment of interest upon the note, whereupon plaintiff filed a suit in the district court of Tarrant county, of the Forty-eighth judicial district, against Camp and wife and Miller, to recover judgment on the note and to foreclose the mortgage lien upon said lot. At the time of filing that suit, plaintiff did not know of the removal of the garage, and did not in its pleadings ask any relief in regard thereto.

On December 5, 1934, judgment was rendered in said cause in favor of the plaintiff against the defendant H. L. Camp for the sum of $1,213.96, with interest thereon, for all costs of suit, with foreclosure of its mortgage lien to the extent of $1,103.59 of that amount upon the lot above described and upon the dwelling house which defendant Miller had partially moved from said lot onto lot 15, but there was no specific foreclosure of the lien upon the garage which had been theretofore removed from lot 16. Subsequently, lot 16, together with the dwelling house that had been partially moved upon lot 15, was sold at public vendue, under an order of sale issued upon said foreclosure judgment, and plaintiff became the purchaser thereof, for the sum of $600, which, after paying costs of sale and other court costs, left a balance unpaid on the judgment of $759.94, together with interest from the date of the judgment. After said sale, plaintiff discovered that the garage had been moved off of lot 16 by Miller, and thereupon McInroe, acting for the plaintiff, caused it to be moved back on lot 16. The order of sale did not give plaintiff the right to move the garage back on lot 16, but it was moved back because McInroe was of the opinion that plaintiff had a right to such removal, since the garage was at all times covered by the lien of the plaintiff association, and constituted real estate subject to the deed of trust lien.

There is now pending in the county court of Brown county a suit instituted by Miller against plaintiff association and its coplaintiff, D. D. McInroe, for damages for the alleged wrongful removal of the garage by plaintiffs from said lot 15 back to said lot 16. In the instant suit it was alleged that the defendant Miller is technically the owner of the garage, but that the same is subject to the plaintiff's mortgage lien, above mentioned, to secure the unpaid balance of the personal judgment against the Camps, which is far in excess of the value of the garage.

Plaintiffs' petition includes these allegations: That said Camp and his wife are insolvent, and plaintiff association is unable to collect any part of said judgment from either of them. That the said county court is without jurisdiction in said suit to hear or determine the question of plain-

tiff association's lien upon said garage, or its right to foreclose the same or any fact in regard to the existence or nonexistence of such lien, for the reason that the said garage has at all times been and still is real estate and subject to plaintiff association's real estate lien thereon; with further allegations that in removing the garage McInroe acted solely for the benefit of plaintiff association. The petition concludes with the following: "Wherefore, plaintiff Association prays that it have judgment establishing the existence of its said lien upon said garage from the time of the execution of said deed of trust and other liens herein alleged to the present time, and for foreclosure thereof as against all defendants herein, and that plaintiffs have a temporary injunction as hereinbefore prayed for, and that upon final hearing they have a permanent injunction enjoining the defendant, Miller, from the prosecution of said County Court suit, and for such other and further relief as they may be entitled to in law or equity."

The temporary injunction prayed for was issued and served. No citation was issued and served upon either H. L. Camp or his wife, nor was there any answer filed in this suit for them.

On October 20, 1936, the defendant Miller filed his plea of privilege to be sued in Brown county, the place of his residence, alleging that he is now and has at all times for more than 30 years been a bona fide resident citizen of Brown county, and was not at the time the process was served upon him nor at the time of the filing of this plea a resident of Tarrant county; that none of the exceptions to exclusive venue in the county of one's residence, as set out in articles 1995 and 2390 of the Revised Civil Statutes of the state of Texas, exist in this cause; nor does this cause come within any of the exceptions provided by law for venue in special cases, under the civil statutes of the state of Texas, allowing a person to be sued outside of the county of his residence. Said defendant's plea of privilege contained these further allegations, which are in the nature of an exception to the sufficiency of the petition:

"That the plaintiff does not purport or pretend to allege any facts that would give this Honorable Court venue of the purported cause of action, by plaintiffs alleged. That the only allegations in plaintiffs' pleadings that could be pertinent to the question of venue in Tarrant County is an indefinite allegation as to a written obligation signed by H. L. Camp and wife, Dottie Lee Camp, payable in Tarrant County, Texas, and it is not alleged that this defendant was a party to said instrument or in any manner bound thereby. And plaintiffs' allegations further state, and same is true, that said written obligation and the lien securing same has been reduced to final judgment and said judgment executed, and therefore, all rights incident thereto have been exhausted and all rights and remedies therein and thereby secured have long since become and are now res adjudicata. And that the plaintiffs allege no facts that would make the said H. L. Camp and wife, Dottie Lee Camp, necessary or even proper parties to this cause and plaintiffs own pleadings show that all cause of action it has or ever had against the said Camps has been fully adjudicated and are now res adjudicata, nor is there allegations that the said Camps have, could have, assert or could assert any interest in the issues purported to be raised by plaintiffs' pleadings. And that as a matter of fact the said H. L. Camp is now deceased and Dottie Lee Camp having been a married woman at the time of the execution of the alleged obligation payable in Tarrant County she could not be liable thereupon, and the venue of this cause of action, if any, must depend solely upon the cause of action, if any, alleged against this defendant.

"That plaintiffs' cause of action, if any they allege or have, is a suit to enjoin and stay proceedings in a cause numbered and styled E. J. Miller vs. Standard Savings & Loan Association et al., now pending in the Honorable County Court of Brown County, Texas, and that under the special provisions of article 1995, subd. 17 of Revised Civil Statutes of the State of Texas, such suit to stay proceedings can be brought and maintained only in the county wherein such suit is pending, and therefore this cause of action, if any, can be maintained only in Brown County, Texas.

"Wherefore, this defendant prays the Court that the above styled and numbered suit be transferred to the District Court in and for Brown County, Texas, and for such other and further orders herein as may be proper and necessary under the law, the pleadings and facts."

That pleading was duly signed and sworn to by the defendant Miller.

On November 18, 1936, plaintiff filed its controverting plea, which was duly verified, alleging that plaintiff's suit comes within the provisions of subdivisions 5, as amended by Acts 1935, c. 213, § 1, Vernon's Ann.Civ.St. Art. 1995, subd. 5, and 29a, of article 1995, added by Acts 1927, 1st called Sess. c. 72, § 2, Vernon's Ann. Civ.St. art. 1995, subd. 29a, which are exceptions to the venue, for the following reasons: The execution by H. L. Camp and wife of the promissory note in writing, bearing date March 27, 1930, payable to the order of plaintiff the sum of $1,200, at Fort Worth, Tarrant county, Tex., with interest and attorney's fees; the execution of the deed of trust above referred to on lot 16 to secure the payment of a note; the foreclosure of the deed of trust lien; the sale under that foreclosure to the plaintiff of lot 16; the application of the proceeds, less cost of sale and court costs, leaving an unpaid balance on the debt of the sum of $759.94. Then follow these allegations:

"This is a suit by plaintiff Association to recover of and from the defendants, Camp and wife, the balance owing upon said note and judgment.

"That after the execution of the note and deed of trust as aforesaid, the defendants, Camp and wife, conveyed the above mentioned real estate to the defendant, E. J. Miller. Defendant Miller, during the time he owned said real estate and prior to the plaintiff Association's said foreclosure moved a garage off of said property and over onto the adjoining lot, which fact was not known to plaintiffs until after plaintiff Association's said foreclosure and judgment therein. The above entitled and numbered cause, in addition to being one for the balance owing upon said note and deed of trust, is for foreclosure of plaintiff Association's said deed of trust lien on said garage. Defendant, Miller, is claiming to be the rightful owner of said garage which was and still is, even though moved therefrom, a part of the real estate covered by plaintiff Association's said deed of trust lien and defendant, Miller, is a necessary party to this action in order to give plaintiff Association a complete foreclosure of its said deed of trust lien on said garage as prayed for by plaintiff Association in its original petition.

"Wherefore, plaintiffs pray that said Plea of Privilege be in all things overruled."

The plea of privilege was heard and sustained by the court on December 1, 1936. Upon that hearing, evidence was introduced. The court then ordered a transfer of the case to the district court of Brown county, to which plaintiff excepted and gave notice of appeal. Thereafter, the court overruled plaintiffs' motion for a new trial, to which plaintiffs again excepted and gave notice of appeal to this court.

The statement of facts appearing in the record here shows the admission in evidence of the note and deed of trust, executed by H. L. Camp and wife, upon which the original judgment was based, and also testimony of the defendant, Judge E. J. Miller, that Camp and wife deeded to him the property in controversy, after they executed a deed of trust; that he could not say definitely whether or not the garage was ever on lot 16, but he further testified as follows: "Let me say this for the purpose of this hearing. I am willing for you to assume it was there. I can't swear that it was; neither can I swear it was not." And in answer to a further question, he testified: "For the purpose of this hearing, I will admit it was there at the time the deed of trust was taken." It was further shown that that admission was made not as an admission upon the trial of the merit of the case, but only for the purpose of the hearing of this motion. He further testified that if the garage was ever on lot 16, he did not move it or cause it to be moved. By counsel, Judge Miller then made this agreement, to which counsel for plaintiff assented: "For the purpose of establishing the facts and following the law and the facts, it is admitted in the record that at the time of the execution of the deed of trust the garage was on there, and at the time of the foreclosure and along prior to the foreclosure of the deed of trust lien and up to the date of the act sued upon as the conversion it was on the other lot."

He further testified that D. D. McInroe had the garage moved back on lot 16 some three or four months before the trial, and that he, the witness, Miller, had instituted suit against the plaintiff, Standard Savings & Loan Association, in the county court of Brown county, for conversion of the garage, and that the suit is still pending.

He further testified that he was well acquainted with H. L. Camp during his lifetime, and that he is now dead, and was buried in Harris county; also, that Dottie Lee Camp was the wife of the deceased;

that he knew for certain that H. L. Camp does not now reside in Tarrant county, because he is dead; that he did not know of his own knowledge where Dottie Lee Camp resides at the present time, but had heard that she had married again, and moved to the state of Oklahoma. The witness further testified that his information to that effect was not dependable, and he would not insist upon its being accepted as true. He further testified that he had never heard of any administration on the estate of H. L. Camp.

Plaintiffs' petition in the foreclosure suit, the note and deed of trust, upon which it was based, the judgment of foreclosure, and sale thereunder to the plaintiff, were all introduced in evidence, by agreement of the parties, all of which proceedings were had in the district court of the Forty-eighth judicial district, and not in the district court of the Seventeenth judicial district, in which the present suit was instituted.

In rebuttal of the allegations in plaintiffs' controverting plea, that at the time the foreclosure was decreed it did not know that the garage had been moved from lot 16, defendant Miller testified, over objection by the plaintiff, that it was irrelevant to the plea of privilege, but would be admissible only in a trial of the case on the merits, as follows:

"A. The plaintiffs had a resident agent in Brownwood in the person of D. D. McInroe at all times from 1928 or 1929 somewhere along there up until the present time. He handles and looks after a great deal of the business for them.

"Mr. Smith: I also object to that, your Honor, and ask that it be stricken out as a conclusion of the witness as to whether or not D. D. McInroe was the agent of the plaintiff.

"The Court: Overruled.

"Mr. Smith: Note our exception.

"A. He signed as agent on papers introduced on the—on some of the papers and so admitted and so testified in the other case. In looking after the interests of the plaintiff he was on and about this particular property frequently at all times through 1930 and 1931 and up to the present time, and he knew at all times after the garage was off of 16, that it was off of 16. I will state further that about—

"Mr. Smith: I object to all that, your Honor.

"The Court: Overruled.

"A. About the fall of 1933, as I remember, about yes, the early fall of 1933, as best I remember the date, it could have been a little later, not earlier, but it could have been 1934, there was a general agent out of Oklahoma City came to Brownwood attempting to adjust or settle the differences or rather the alleged lien of the plaintiff on this lot, and I went with him on the property, and we looked over it thoroughly, and he necessarily became cognizant of the fact at that time that no garage was on it. I further state in that connection that there was another house and filling station and improvements built on the west end of lot 16."

Article 1995, Vernon's Texas Civil Statutes, reads: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases." Then follow many exceptions authorizing suits to be maintained in a county other than that of defendant's domicile. In our published reports there are many decisions of the appellate courts of this state involving pleas of privilege. Most of those decisions were by our Courts of Civil Appeals on appeals from interlocutory orders sustaining or overruling pleas of privilege, and since no writ of error lies from such decisions to our Supreme Court, 11 Tex.Jur. § 114, p. 873, except upon a showing of conflict with other decisions, or a disagreement of the judges on the question involved, or on certified question, article 1728, Vernon's Tex.Civ.St., the decisions of the latter court are comparatively few in comparison. However, in numerous cases our Supreme Court has taken jurisdiction to settle such conflicts, and its determination of the issues involved is binding on all others of our courts. In most of those cases the only issue determined was as to the quantum of proof required of plaintiff to overcome a plea of privilege urged by a defendant residing in a county other than the one in which the suit was instituted.

Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 93, was a suit by Compton against Elliott, in Stephens county, for malicious prosecution of plaintiff in that county, where he was indicted, tried, and acquitted. Compton resided in Shackelford county and filed his plea of privilege to be sued in that county. Plaintiff invoked subdivision 9 of art. 1995, to show venue in Stephens county. Under that subdivision a suit based on a crime or trespass may be brought in the county where the same was committed, or

in the county of defendant's residence. In answering the question certified by the Court of Civil Appeals, the Commission of Appeals, speaking through Justice Smedley, said: "The substance of this exception of article 1995 is that venue may not be maintained in a county not the domicile of the defendant unless the crime, offense, or trespass upon which the suit is based was committed in such county. Proof of the fact of the commission of the crime, offense, or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense, or trespass is under the terms of this exception a part of the venue facts."

Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, was a suit by Brooks against the company, for amount paid by plaintiff on a draft drawn by defendant, payable in Dawson county, where the suit was instituted, for a shipment of cotton seed to plaintiff; a bill of lading for the shipment being attached to the draft. The cause of action alleged was that the cotton seed were inferior in quality to that contracted for by plaintiff. The defendant filed its plea of privilege to be sued in Lamar county, the county of its domicile. Plaintiff invoked exceptions Nos. 5 and 23, of article 1995, Vernon's Tex.Civ.Statutes, to show proper venue in Dawson county. In answer to certified questions, the Supreme Court held that the suit was, upon defendant's contract in writing, performable in Dawson county, and therefore came within exception No. 5 of the statute, but further held that proof made by plaintiff in support of his affidavit controverting the plea of privilege, that the contract was in fact made by defendant and was performable in Dawson county, was sufficient to overcome the plea of privilege without further proof of its breach by the defendant. The distinction was pointed out between proof necessary to show venue and that required to show a right of recovery on the merits.

Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, was a suit by Maples, instituted in Eastland county, against J. E. Tucker, who resided in that county, and the Stockyards National Bank, having its domicile in Tarrant county, under subdivision 4 of article 1995, reading in part: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." The issue discussed and determined was as to the quantum of proof required of plaintiff in order to overcome the plea of privilege filed by the Stockyards National Bank to be sued in the county of its domicile.

Upon hearing of the plaintiff's contest of the plea of privilege, the evidence offered was sufficient to show liability of Tucker, the resident defendant, but it was affirmatively proven that he had no cause of action against the nonresident defendant bank. Upon appeal to the Court of Civil Appeals of Eastland, the majority of that court held that it was incumbent upon plaintiff to introduce evidence sufficient prima facie to show a cause of action against the bank, as well as against Tucker, in order to overcome the plea of privilege. Judge Funkerburk dissented from the opinion of the majority. His conclusion was that proof of a cause of action against the resident defendant, together with proof of the nature of the cause of action, which was supplied by plaintiff's pleadings, constituted full proof of every fact necessary to bring the case within exception No. 4 of the venue statute. And the Supreme Court concurred in that conclusion. In the opinion of Judge Smedley, many of the former decisions bearing on the question were reviewed, and after referring to the argument advanced in one of them, that if a defendant who invokes his privilege guaranteed by statute is compelled to appear and answer a suit in another county by a plaintiff who has not in fact any cause of action against him, then his statutory right to be sued in the county of his residence can be destroyed at plaintiff's option, the following is said: "If the plaintiff had the burden of proving both a cause of action against the resident defendant and a cause of action against the nonresident defendant, the hearing would in effect be a trial of the merits of the entire controversy. It is true that if upon such hearing evidence were admitted bearing upon the merits of the plaintiff's case against the nonresident defendant, such defendant might be able to prove the plaintiff's suit against him to be wholly unfounded; but such proof is properly made upon a trial on the merits. The statutory provisions as to the defendant's privilege and the plea of privilege were not intended to protect defendants from unfounded suits."

■ In the case of H. L. Taylor et al. v. Fort Worth Poultry & Egg Company, 112 S.W.2d 292, this court, in an opinion by Justice Speer, followed the rule announced in the foregoing opinions of our Supreme

Court, that in order to establish venue in the county of a nonresident defendant, who has been sued jointly with a resident defendant, and has invoked his statutory privilege to be sued in the county of his domicile, the burden is upon plaintiff to allege and prove venue of the resident defendant, but noting the distinction between venue facts and those necessary to show a cause of action on the merits. And in that case, this court affirmed the order of the trial court in sustaining the plea of privilege of the nonresident, Fort Worth Poultry & Egg Company, because of plaintiff's failure to allege and prove a cause of action against Jones, the resident defendant. In the opinion, the former decisions were discussed at length.

In another opinion of Justice Speer, speaking for this court, in the case of Mrs. Fannie Vitopil v. Claude C. Gray, 111 S.W.2d 1202, the distinction was pointed out between venue facts and those necessary to support a recovery on the merits, citing Compton v. Elliott, supra, 43 Tex. Jur. § 109, p. 844 and § 122, p. 865, and as directly in point the decision of the Commission of Appeals in Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810. That was a suit against Mrs. Bradley on her promissory note stipulating payment in Trinity county, in which the suit was instituted. Defendant interposed her plea of privilege to be sued in Harris county, where she resided. Her plea of privilege was overruled by the trial court, and on her appeal from that order the Court of Civil Appeals certified two questions to the Supreme Court, to wit:

"First. Upon the facts before stated, did the trial court err in refusing to permit appellant to testify as to her coverture at the time the note was executed, and as to the purpose and consideration for which it was executed?

"Second. Did the trial court err in overruling the plea of privilege, in the absence of evidence of appellee's ownership of the note?"

Those questions were answered as follows:

"The note was executed by the appellant. Its terms purport a valid obligation, and an undertaking by the appellant to perform that obligation in Trinity, which place is shown to be in Trinity county. By virtue of subdivision 5 of article 1995 of the statutes, these facts, of themselves, fix in that county the venue of the action on the note. The ownership of the note, and the validity of the obligation evidenced thereby, are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue.

"We recommend that each of the certified questions be answered 'No.'"

That opinion was adopted by the Supreme Court.

From the authorities discussed above, to which we will add Richardson v. D. S. Cage Company, 113 Tex. 152, 252 S.W. 747, we deem it now well settled that if under the statutes two parties may be sued jointly and they are so joined, then, in order to overcome a plea of privilege of one who is a nonresident to be sued in the county of his residence, plaintiff must allege and prove facts sufficient to show a prima facie case against the resident defendant, but is not required to prove any cause of action against such nonresident defendant, although he has that burden if the nonresident defendant is the sole defendant in the case. 43 Tex. Jur., § 114, p. 856. And further, the proof so required of plaintiff is confined to venue facts as distinguished from those necessary to a recovery on the merits. But proof of facts necessary to show venue is not to be excluded because those facts also constitute a part of the facts necessary to a recovery on the merits. And further, the character of plaintiff's suit, and whether allegations in his petition, if true, show right of action against both the resident and nonresident defendant, are determined solely by his pleadings.

The facts alleged in plaintiffs' petition showed that all rights of Camp and wife in the lot and improvements thereon, including the garage, were foreclosed and bought in by plaintiff, and that it had no further cause of action against those defendants. Plaintiffs' original right for personal judgment on the note executed by them, and for foreclosure of the mortgage given to secure the same, were all merged in the judgment. In 26 Tex.Jur., § 242, p. 11, this excerpt is quoted from opinion of the Commission of Appeals in Stephenson v. Miller-Link Lumber Company, 277 S.W. 1039, 1040: "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litiga-

tion is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not." A like statement of the rule is also quoted from opinion of the U. S. Supreme Court in State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831. See, also, many subsequent sections in the same volume to the same subject. And the following is quoted from section 361, p. 29: "Whenever a suit culminates in the rendition of a valid judgment by either a domestic court, a federal court or a court of another state, the cause of action becomes extinguished as a justiciable matter and no further suit can be maintained upon it, so long as the judgment remains in force and effect. The cause of action becomes merged in the judgment, which is to be regarded as a new debt, replacing the old one, for many purposes and precluding all consideration or discussion thereof." In support of that announcement, many decisions are cited, including Cavers v. Sioux Oil & Refining Co., 39 S.W.2d 862, by the Commission of Appeals, opinion by Justice Sharp, now of the Supreme Court. To the same effect is section 415, p. 125, and many decisions there cited.

Hence, subdivision 5 of article 1995 has no proper application here. Since Camp and wife no longer own any equity either in the lot or the garage constituting a part thereof, and there is no allegation that they are in possession of the garage or are claiming any right thereto, venue cannot be claimed under subdivision 29a of article 1995, on the theory that they are necessary parties to the present suit against Miller. And in this connection it is to be noted that plaintiff alleged that the residence of Camp and wife is unknown, and that they are insolvent; and the petition contains no prayer for issuance and service of any character of process to require them to appear and answer the suit.

The sale to plaintiff of the lot, under foreclosure of the mortgage lien, carried with it all title of Camp and wife to the garage that was a part of the lot, against which foreclosure was decreed. Jones v. Bull, 90 Tex. 187, 37 S.W. 1054; Bowden v. Bridgman, Tex.Civ.App., 141 S.W. 1043. Hence, plaintiffs' suit against Miller would be for title to the garage or for conver-

sion, and venue thereof was in the proper court of Brown county, where he resides. The transfer of the case to the district court of Brown county shall give the case the same status as if it had been originally instituted in that court, and the temporary writ of injunction granted by the district court of Tarrant county, as shown in the record here, had been granted by the district court of Brown county.

Accordingly, the judgment of the trial court sustaining the plea of privilege is affirmed.