It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered June 18, 1886.]

---

ED C. WHITE ET AL. V. S. JACOBS, BERNHEIM & CO.

(Case No. 5904.)

1. RIGHT OF PROPERTY—CLAIM BOND AND AFFIDAVIT—TITLE—POSSESSION—It is not necessary that both ownership and possession shall unite in the claimant of personal property seized, under process of law. If the claimant is proved to have title to the property, or the right to possession as against the defendant in the process, he must succeed; and what enables him to maintain his claim, authorizes him to assert it.

2. LEVY UNDER ARTICLES 2293, 2295, REVISED STATUTES—CLAIMANTS—PARTNERS—Under Arts. 2293, 2295, R. S., a levy was made upon the partnership interest of M. in a stock of cattle, the return stating that the remaining one-half was owned by W. The statutory claimant's bond and affidavit were filed by W. and two others, claiming the stock as their joint property. *Held:*

(1) No objection could be raised to the three claimants asserting their rights in this manner.

(2) W.'s presence in the case was useful in protecting his own rights as partner and the interests of firm creditors, and did not interfere with the contest as to the remaining one-half interest.

APPEAL from Ellis. Tried below before the Hon. Anson Rainey.

On August 6, 1884, the plaintiffs, S. Jacobs, Bernheim & Co. recovered a judgment in the county court of Galveston county, against A. E. McCarty for the sum of $454.16. On September 12, 1884, an execution was issued on this judgment, and afterwards this writ was levied by the sheriff of Ellis county upon one-half interest in four hundred head of cattle running on the range in Ellis county. The cattle were stated in the officer's return on the execution, to be the partnership property of A. E. McCarty and one Ed. C. White.

No actual possession was taken of the cattle by the officer making the levy, but the levy was made by giving a written notice thereof to A. E. McCarty, defendant in the execution, and to Ed. C. White, his alleged partner, "in the presence of two witnesses." Only McCarty's supposed one-half interest in the cattle was claimed to be covered by the levy. This one-half interest was valued by the officer at $750. The levy was made on October 3, and on October 6, thereafter, Ed. C. White, acting for himself, and A. E. McCarty acting as agent for C. C. McCarty and M. N. Killough (third parties and strangers to the writ), presented to the officer who made the levy, their affidavit and claim-bond. The cattle were claimed as the property of Ed. C. White, C. C. McCarty and M. N. Killough. Issues were tendered by parties at the next term of the district court.

After the announcement by the parties of readiness to try the case, plaintiffs presented a motion to quash the affidavit. The motion was sustained by the court, and the defendants excepted. Leave was then taken by the defendants to file an amended affidavit and amended issues. Plaintiffs then moved to quash the amended affidavit on the same grounds set forth in their original motion. The motion was again sustained as to the affidavit, and defendant's claim was dismissed.

*Edwards & Fears*, for appellants, in regard to the sufficiency of the affidavits and bond, cited: R. S., Art. 4822, 4831, *et seq.*; Wright *v.* Henderson, 12 Tex., 43; Sayle's Treat., sec. 900; Ferguson *v.* Herring, 49 Tex., 126; 1 W. & W. Ct. App., Civil Cases, secs. 781, 931.

*Bascom McDaniel*, for appellees, on possession, cited: R. S., Art. 2293; Erwin *v.* Blanks, 60 Tex., 587; Osborn *v.* Koenigheim, 57 Tex., 91; Wright *v.* Henderson, 12 Tex., 43; Wooton *v.* Wheeler, 22 Tex., 338; 1 Ct. App., Civil Cases, sec. 1242; 2 Ct. App., Civil Cases, sec. 14, 24.

WILLIE, CHIEF JUSTICE.—The levy in this case was made under Arts. 2293, 2295 of the Revised Statutes, which provide a way for levying upon the interest of a partner, and upon stock running at large. Such a levy does not disturb the possession of the owner of the stock, and for that reason it is contended in this case that a claim bond and affidavit could not be interposed for the trial of the right of property; our statute does not in terms limit the right to file such claim to a party whose possession is interfered with by the levy of the process. On the contrary, it recognizes the right of a party out of possession to

make the claim by providing as to the burden of proof in cases where the property is taken from the defendant in execution.

The object of the law is to give to the claimant of personal property seized under process of law, a summary method of asserting his title or right of possession, without a resort to an ordinary suit for a recovery of the property or its value. His claim, however, must be one of title or of possession. Either of these would authorize him to recover as against a naked trespasser, and entitle him to make the affidavit of ownership necessary to the claim. It is not necessary that both ownership and possession should unite in the claimant. A person having no other right to the property except a lien upon it, cannot have his right tested in such a proceeding, as has been frequently decided. Wooten v. Wheeler, 22 Tex., 339; Seeligson v. Adoue & Lobit, 54 Tex., 593; Wright v. Henderson, 12 Tex., 43.

But, if as such lienholder he is in possession, he can make the claim if his possession is disturbed by the levy. His lien does not authorize him to claim as owner, but it gives him a right to the possession he holds, and this right enables him to make the claim. Osborn v. Koenigheim, 57 Tex., 91.

But ownership being all that is required, there is no necessity that it should be accompanied by possession. It will support an action for trespass, and is sufficient to serve as a basis for a claim under the statutes. Either the question of title in the claimant, or that of his right to hold possession of the property as against the defendant in the process, is what is to be tried. If either is proved to exist in the claimant, he must succeed in the suit, and what enables him to maintain his claim will certainly authorize him to assert it.

The levy was upon the partnership interest of A. E. McCarty, in the stock of cattle. The affidavit and bond were filed by White, who owned an interest in the same cattle, and by two other parties claiming the remaining interests. We see no objection to this. The interest of the defendant in execution, if any, was one-half of what remained of the partnership property after the partnership debts were paid. White was interested in seeing that no more was adjudged subject to the execution than this interest of his alleged co-partner. A sale of any amount beyond that would interfere with the possession that White held as partner, and his lien for the benefit of firm creditors.

The stock, according to the affidavit, was the joint property of himself and two other parties, who joined with him in the affidavit. If the levy was sustained, it belonged to White and one, a person whom he did not recognize as a partner, and the partnership was dissolved by the levy. He certainly had an interest in establishing the true

ownership of the cattle; in showing the true state of the partnership; in preventing the plaintiff from forcing upon him a partner whom he did not recognize, and therefore dissolving the partnership, and in keeping off the injuries which might result from the dissolution.

His presence in the case did not interfere with the contest between the plaintiff and the claimants of the interest in the cattle attributed to McCarty, and was certainly useful in protecting his own rights as partner in the ownership of the stock, and the interest of firm creditors, who, in such a proceeding, could assert their rights through him alone. If the claim cannot be made jointly by the owners of the firm property, there is no way of asserting and fully protecting partnership assets in a proceeding like this, when levied on for the separate debt of one of the partners.

We think the court erred in dismissing the claim, and for this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 22, 1886.]

[Justice Robertson did not sit in this cause.]