**McGEE v. CAGE et al.    (No. 1877.)**

(Court of Civil Appeals of Texas.    El Paso.
April 8, 1926.)

**1. Trial ⇐359(1).**

Where findings of jury are upon immaterial issues, action of court in rendering judgment presents no question of judgment non obstante veredicto.

**2. Appearance ⇐20.**

Objection that persons were not parties nor served with process is without force, where a pleading made them parties, and judgment recited all parties appeared and announced ready.

**3. Set-off and counterclaim ⇐28(1)—Involuntary discharge of deceased husband's debt, for which bank was held secondarily liable, can be set off against suit by heirs and widow for community deposit therein (Rev. St. 1911, art. 2470).**

M., being indebted to C., secured by first chattel mortgage on cattle, sold cattle and deposited proceeds in defendants' bank; after M.'s decease, defendants, who had had no actual knowledge of mortgage, were adjudged liable to C. as for conversion of cattle and paid judgment; thereafter M.'s wife and heirs sued for M.'s deposit balance—held, payment by defendants discharged pro tanto debt to C., and can be set off against debt sued for, the money having been community and passed, under Rev. St. 1911, art. 2470, charged with debt.

Error from District Court, Erath County; J. B. Keith, Judge.

Suit by Mrs. Maude May McGee, for herself and as guardian of minor children of herself and her deceased husband, against Mrs. Janie Cage and others, to recover the balance of a bank deposit. From a judgment in favor of defendants, plaintiff brings error. Affirmed.

Cockrell, McBride, O'Donnell & Hamilton and James L. Lipscomb, all of Dallas, for plaintiff in error.

R. L. Thompson, of Stephenville, for defendants in error.

HIGGINS, J. The plaintiff in error, for herself and as guardian of Thomas Perry McGee, Ernest Lee McGee, and Richard Chester McGee, minor children of herself and her deceased husband, T. C. McGee, brought this suit March 5, 1924, against the defendants in error, private bankers, under the partnership name of Cage & Crow, to recover $1,326.63, the balance of a deposit to the credit of T. C. McGee, at the time of his death. The pleadings of the parties need not be stated. They present the questions ruled upon.

The material facts, shown by the undisputed evidence, are as follows: On April 16, 1917, the deceased, T. C. McGee, was indebted to the Rhome-Farmer Commission Company (hereinafter called commission company), as evidenced by his note of that date to said company, in the sum of $3,482, due August 14, 1917, secured by first chattel mortgage lien duly recorded upon certain cattle. The mortgage provided that it should "remain in force until all of said indebtedness is paid, whether the same be evidenced by the original notes or renewals for the whole or any part of said amounts, and any other mortgage as additional security shall be supplemental to this, until this is formally released." The above note was renewed by a renewal note due October 17, 1917. In September, 1917, the deceased, through defendants in error, shipped two carloads of said cattle to the Evans-Snider-Buell Company at Fort Worth, where they were sold upon the market and the proceeds amounting to $3,253.73 remitted to Cage & Crow, and placed to the credit of McGee, who applied $1,500 thereof to the payment of a note due by him to Cage & Crow, secured by a mortgage upon the cattle sold. He also drew other checks against his account. At the time of his death he had a balance to his credit of the amount sued for. On October 17, 1917, McGee paid the commission company $1,482 upon the note in their favor, and executed a renewal note for $2,000, due April 11, 1918. McGee died intestate January 7, 1918, leaving surviving his wife and two of the children for whom she sues as guardian. The third child was posthumous. The defendants in error first declined to pay the balance of the deposit to Mrs. McGee because she was not the guardian of the children. She then was appointed and qualified as such guardian and again demanded payment in the spring of 1918, which was refused by defendants in error because it had come to their knowledge that the commission company was asserting a claim against them, arising out of the sale of the mortgaged cattle and disposition of the proceeds thereof.

In cause No. 47423, in the district court of Tarrant county, entitled Rhome-Farmer Commission Company, a Corporation, v. Evans-Snider-Buell Co., a Corporation, a judgment was rendered, which reads:

"Be it remembered on this the 25th day of January, A. D. 1921, the above cause was called for trial, when all parties appeared and announced ready, and, a jury being waived, the matters of law and of fact were submitted to the court, and the court, after hearing the pleadings, evidence, and argument of counsel, finds that T. C. McGee, now deceased, whose estate is insolvent, was indebted to the plaintiff on September 25, 1921, in the sum of $3,482, besides interest, and that said indebtedness was secured by a chattel mortgage which had been duly registered, on 126 head of steers branded with '——' on the left shoulder except 53 head branded 'T' on left shoulder; that on said date a portion of said steers were shipped to Evans-Snider-Buell Company and sold by said com-

pany as commission broker on the market at Fort Worth, and the proceeds remitted to Cage & Crow Bankers at Stephenville, the cattle having been shipped in the name of Cage Cattle Company at the instance and for the benefit of T. C. McGee, who also was indebted to Cage & Crow, bankers, in the sum of $1,550, secured by a chattel mortgage on a portion of the cattle in said shipment in brands other than those above described; that the Cage Cattle Company and Cage & Crow, bankers, while different organizations, were composed of the same individuals. The court further finds that the same McGee, after paying out of said proceeds the debt of Cage & Crow, checked out the balance within a few days thereafter, and that to the extent of $1,500 of said company so checked out by him the defendants are liable as for conversion to the plaintiff as of September 25, 1917, the plaintiff's waiving the right to claim any amount in addition to said sum, its indebtedness having been thereafter reduced by the payments from other sources to the sum of $2,000 besides interest. The court further finds that Evans-Snider-Buell Company acted in good faith in the premises as the agent of their codefendants, and that it is entitled to a judgment over against them as prayed in its answer. The court further finds that the conversion for which the defendants are held liable was for the benefit of said McGee, who received and appropriated the proceeds of the cattle on which the plaintiff had its mortgage, and that the defendants who pay off this judgment are entitled to be subrogated to the rights of the plaintiff to the extent of the amount so paid against the estate of T. C. McGee, deceased. It is therefore considered, adjudged, and decreed by the court that the plaintiff, Rhome-Farmer Commission Company, a corporation, do have and recover of and from the defendants, Evans-Snider-Buell Company, a corporation, and the defendants J. D. Cage, Jno. M. Cage, and Mrs. Janie Cage, individually and as survivor in community, the sum of $1,500, with interest from September 25, 1917, at the rate of 6 per cent. per annum, and all costs of suit, for which let plaintiff have its execution. It is further ordered, adjudged, and decreed by the court that the defendants paying this judgment be subrogated to the rights of plaintiff as against the estate of T. C. McGee, deceased."

Cage & Crow paid this judgment in full to the plaintiff therein in February, 1921.

Upon the trial of the present suit, the court submitted three issues which, with the answers thereto, read:

"(1) At the time of the death of McGee, the husband of the plaintiff, and father of the minor children, what sum of money if anything was he indebted to Rhome-Farmer Live Stock Commission Company? Answer the sum you find, if anything. Answer: Yes; $2,000.

"(2) Was the renewal note of $2,000, due April 11, 1918, and executed October 17, 1917, given by the deceased, McGee, to the Rhome-Farmer Live Stock Commission Company, intended by them to be secured by the chattel mortgage given to secure the original note of the said McGee to the Rhome-Farmer Live Stock Commission Company for the sum of $3,482? Answer: No.

"(3) At the time of the execution and deliv-ery of the note by McGee to the said commission company October 17, 1917, did the said commission company know that the cattle which were mortgaged to secure the original note due them from McGee had been disposed of? Answer: Yes."

Upon motion of defendants in error, judgment was rendered in their favor.

[1] As we view this case, the findings of the jury are upon issues which are immaterial, for which reason the action of the court in rendering judgment for the defendants presents no question of judgment non obstante veredicto.

[2] Plaintiffs in error contend they are not bound by the judgment in the Tarrant county case because they were not parties thereto nor served with process, and that in any event Cage & Crow were not entitled to be subrogated to the rights of the Rhome-Farmer Commission Company against the estate of the deceased.

We fail to see the force of the objection that they were not parties nor served with process, in view of a pleading filed in that case by Cage & Crow, making Mrs. McGee a party in her personal capacity and as guardian of two of the minors, and the recital in the judgment that all parties appeared and announced ready.

For reasons to be now stated, the judgment of the court below was correct, independent of the decree of subrogation contained in the Tarrant county judgment.

[3] The debt of T. C. McGee to the commission company and the money herein sued for were community. The community estate passes charged with the debts against it. Article 2470, R. S. At the time T. C. McGee died he was indebted to the commission company in the sum of $2,000, evidenced by a renewal note. It matters not at the time this renewal note was given it was not intended that it should be secured by the original chattel mortgage, nor that the commission company knew such cattle had been sold when such renewal note was given as the jury found in response to the second and third issues. The fact remains that the renewal note for $2,000 was a balance due upon an antecedent indebtedness which was secured by mortgage upon cattle. The cattle had been sold by McGee, and, by virtue of the connection of Cage & Crow with that transaction and the disposition of the proceeds of the cattle, the commission company was asserting a claim against Cage & Crow as for conversion. The commission company filed suit against Cage & Crow, based upon this demand, and obtained judgment thereon, which judgment was paid. Cage & Crow therefore cannot be regarded as volunteers in making the payment. This payment satisfied pro tanto the debt of McGee upon the $2,000 note. McGee's liability upon the original debt was primary, and that of Cage & Crow, as for conversion, was secondary. If

McGee had lived and the defendants in error had been sued and a judgment obtained as was done after his death, the payment of such judgment could have been offset by Cage & Crow in a suit by McGee for the balance of his deposit. Since the community estate passes charged with the debts against it, the plaintiffs in error have no higher right than McGee would have had against Cage & Crow. This case presents no issue of a superior right to the deposit sued for vested in the plaintiffs, as an allowance to them in lieu of exemptions. As we view this case, the undisputed evidence discloses that T. C. McGee was indebted to the commission company, the payment of which was secured by mortgage upon cattle; these cattle were sold, and the defendants in error have been adjudged liable to the lienholder as for conversion of such cattle by virtue of their connection with the sale and disposition of the proceeds; Cage & Crow have paid the judgment rendered against them, and pro tanto discharged a debt for which the estate of T. C. McGee was primarily liable. There was no administration upon McGee's estate, and at the time this suit was filed it was too late to apply for one. Cage & Crow having discharged a debt for which T. C. McGee's estate was primarily liable, they could, in a suit by his heirs and the survivor of the community, offset the payment made against the debt herein sued for.

The doctrine that there can be no contribution between wrongdoers has no application to this case. Defendants in error had no actual knowledge of the mortgage held by the commission company. They were unintentional and innocent wrongdoers in the conversion of the cattle and disposition of the proceeds. Railway Co. v. Railway Co., 18 S. W. 956, 83 Tex. 509.

With respect to Mrs. McGee personally, another ground of affirmance is that her cause of action is barred by limitation.

Upon the views expressed, it follows that none of the assignments present any error.

Affirmed.