**BROKAW et al. v. COLLETT et al.**
**(Nos. 1034–4939.)**

Commission of Appeals of Texas, Section A.
Jan. 25, 1928.

**1. Husband and wife ⬅266—Husband and wife cannot change by advance agreement status of community property not yet acquired to that of wife's separate property (Const. art. 16, § 15).**

Husband and wife do not have power to change by mere agreement, made in advance, status of community property yet to be acquired and to come into existence to that of wife's separate property; it not being within their power by advance contract to set aside Const. art. 16, § 15, as applied to wife's separate property rights.

**2. Exemptions ⬅137—Exemption claim of wife in community property could not be asserted in trial of right of personal property attached as husband's community property.**

Exemption claim of wife, joined in by her husband, to crops levied on by attachment, as husband's community property, in suit against husband, could not be asserted in trial of right of personal property, since right to recover in such proceeding depended on her ability to prove title to crops attached or right of possession adverse to that of her husband, and, where she failed to show either title or right of possession, she could not recover.

**3. Homestead ⬅217—Judgment for attaching creditor was proper where jury found son had no interest in crops grown on homestead, and wife no separate property therein.**

Where, in suit against a husband in which growing crops were attached as his community property, in wife's trial of right of property, claiming homestead in crops attached, in which husband joined, plaintiff in attachment was entitled to judgment, where jury found that son claiming interest in husband's property attached was without right thereto, and wife had no claim therein as her separate property.

**4. Trial ⬅356(5)—Failure of jury to answer immaterial questions did not affect legality of verdict.**

In trial of right of property, where court submitted case to jury on special issues, failure of jury to answer immaterial questions did not affect legality of verdict.

**5. Trial ⬅360—Immaterial issues answered by jury may be disregarded as surplusage, and not considered in rendering judgment.**

In trial of right of property, immaterial issues answered by jury may properly be disregarded by court as surplusage, and not considered in rendering judgment.

**6. Attachment ⬅294—Right of claimants to property attached must be asserted under statute invoked by them.**

Where undivided half interest of crops was attached as community property in suit by husband's creditor, and wife and sons filed statutory claimants' oath and bond, and claimed property attached, since they voluntarily in-

voked the statute under which they elected to proceed, their rights must be asserted under the statutes invoked.

**7. Attachment ⬅302—Character of property, at time plaintiff in attachment appeared and contested rights of claimants, determined procedure for determination of right.**

Where crops were attached as community property of husband in suit by his creditor, and defendant's wife and sons filed statutory claimants' oath and bond, claiming crops as personal property, character of property at time plaintiff was required to appear and contest rights of claimants determined procedure by which the right was determinable.

**8. Judgment ⬅693—Where wife, by statutory claim, elected to treat crops on homestead attached as husband's community property, as personalty, she was bound by judgment against husband in attachment action, though not party.**

Where attachment lien was foreclosed on crops as community property of husband as personalty, and wife, claiming exemption therein, elected to treat property as personalty by proceeding in trial of right of property under statute applying to personal property only, since property was community property, both husband and wife were bound by original judgment against husband; wife not being necessary party to suit involving exempt personal property.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Charles Brokaw and others in the county court against A. F. Collett, in which H. C. Collett and others filed claim to attached property. Judgment for plaintiffs against A. F. Collett. Judgment in trial of right of property in attachment suit in the district court for plaintiffs was on claimants' appeal reversed and rendered for claimants (296 S. W. 333), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed; judgment of the district court affirmed.

S. C. Autry, of San Angelo, J. Lloyd Kerr, of Austin, and J. A. Thomas, of San Angelo, for plaintiffs in error.

Collins, Jackson & Sedberry, of San Angelo, for defendants in error.

CRITZ, J. On August 12, 1919, the sheriff of Tom Green county, Tex., acting under writ of attachment issued out of the county court of said county in the case of Brokaw v. A. F. Collett, attached an undivided one-half interest in certain growing crops, consisting of cotton, cane, maize, and feterita, less certain rents due the landlord, situated on certain lands in said county, which, under the facts and findings of the jury in the case at bar, constituted the homestead of said A. F. Collett and his wife, Mrs. Iona Collett. On August 14, 1919, H. C. Collett, Mrs. Iona Collett, and L. G. Collett filed statutory claimants' oath and bond, as provided for under ti-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tle 125, Revised Civil Statutes of Texas 1925. In the affidavit said H. C., L. G., and Mrs. Iona Collett stated as a fact, and made oath, that they claimed the following described personal property, describing the property above. At the same time they tendered a claimants' bond, which stated that "the sheriff of Tom Green county, Tex., has seized and taken the following described personal property, to wit," describing the above crops.

The case was docketed under the claimants' oath and bond in the district court of Tom Green county, Tex., that court having jurisdiction on account of the amount involved, and, under direction of the court, and as required by law, issues were made up between the parties.

The claimants set forth the nature of their claim, declaring that they had rented the lands where the attached crops were growing, for the year 1919 from Sheridan for the customary third and fourth, under agreement whereby one-half of the crop would belong to H. C. Collett, the remainder, after deducting rents, to be divided equally between Mrs. Iona Collett and L. G. Collett; that A. F. Collett, husband of Mrs. Iona Collett, and father of the other two claimants, had consented to such rental contract and agreement, the crops to be divided between his wife and sons as they might elect, her part to be her separate property; that the crops were growing on the homestead of the claimants, and were not subject to levy at the time the sheriff attempted to fix an attachment lien thereon. They prayed that the plaintiffs take nothing, and that they have judgment for the property and $500 damages.

For answer Brokaw et al., plaintiffs in the county court case, interposed a general denial, and declared that on the 12th of August, 1919, they had procured writ of attachment from the county court, which has been levied on the property described in the claimant's oath and bond; that the property belonged to A. F. Collett, and not to the claimants; that they recovered judgment against A. F. Collett for $855.54 in the county court case, with foreclosure of attachment lien on the property taken over by the claimants under a $700 valuation; that the agreement for Iona Collett to own whatever she made on the Sheridan place was an attempt to change the status of community property by an agreement made in advance, and therefore void, was without consideration, in violation of the statute of frauds, constituted a fraudulent conveyance under the Texas statutes, and sought judgment against the claimants and Thornton, Reed & Reed, signers of the claimant's bond.

A. F. Collett intervened in the cause, and adopted the plea of the claimants.

The court submitted the case to the jury on special issues.

In the first, the inquiry was made as to whether or not, at the time the attachment writ was levied, Mrs. Collett's homestead was on the Sheridan place, where the crops were located, to which the jury answered "Yes," and, in answer to special issue No. 4, found that Luther Collett had no interest in the crops, but failed to answer the several inquiries as to (a) what interest, if any, Mrs. Collett had in the crops at the time of the levy; (b) what interest, if any, A. F. Collett had in the crops at the time of the levy; (c) whether A. F. Collett had an agreement with H. C. Collett to the effect that the former would furnish teams and tools and the latter pay the expenses of the crop, cultivate the same, the crops to be divided equally after payment of rents; (d) whether there was an agreement between A. F. Collett, H. C. Collett, and Mrs. Iona Collett, acting for herself and Luther Collett, to the effect that Mrs. Collett and her sons might rent the Sheridan place and make a crop during the year 1919, and own, as her separate property, whatever she might make from the crops, and if it were so rented.

The claimants filed motion for an instructed verdict, on the jury's finding to the effect that the homestead of Mrs. Iona Collett was located on the premises at the time the levy was made, which motion was overruled.

The court thereafter, on motion by plaintiffs, entered judgment for Brokaw et al., against the claimants and their bondsmen for $700, basing it on the verdict of the jury and the undisputed facts, as suggested in the judgment.

In an opinion filed May 19, 1927, the Court of Civil Appeals for the Third Supreme Judicial District reversed and rendered the judgment of the trial court. 296 S. W. 333. The case is now before this court on writ of error granted on application of Charles Brokaw et al.

As shown by the record, neither party objected to the court receiving the verdict of the jury in the form returned, and both parties made a motion for judgment on the verdict.

[1] In our opinion, the undisputed evidence renders the property levied upon the community property of Mrs. Iona Collett and her husband, A. F. Collett. A husband and wife do not have the power to change, by mere agreement, made in advance, the status of community property yet to be acquired, and yet to come into existence, to that of the wife's separate property. Article 16, § 15, Constitution of Texas; Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Kellett v. Trice, 95 Tex. 160, 66 S. W. 51; Armstrong v. Turbeville (Tex. Civ. App.) 216 S. W. 1101; McDonald v. Stevenson (Tex. Civ. App.) 245 S. W. 777; Cox v. Miller, 54 Tex. 16; Green v. Ferguson, 62 Tex. 529; Speer's Law of Marital Rights, § 297; and 31 C. J. 73. It does not lie in the power of the husband and wife by

contract between themselves, made in advance, to set aside the Constitution of this state. as applied to the wife's separate property rights. Under the facts as shown by the record, viewed in their most favorable light for Mrs. Collett, the crops in question were the property of the community of Mrs. Iona Collett and her husband, A. F. Collett.

[2] We sustain the second assignment of error of the plaintiffs in error to the effect that the Court of Civil Appeals erred in holding that the exemption claim of the defendant in error, Mrs. Iona Collett (joined by her husband, A. F. Collett) could be asserted in a proceeding like this for the trial of the right of personal property.

The right of Mrs. Iona Collett, joined by her husband, A. F. Collett, to recover in the statutory proceeding for the trial of right of property, depended upon her ability to allege and prove either title to the crops attached or a right of possession thereof, which, in either event, under the issues of this case, must have been adverse to that of defendant in the writ of attachment, who was her husband, and she, having failed to show either such title or right of possession, is not entitled to recover. White v. Jacobs, Bernheim & Co., 66 Tex. 462, 1 S. W. 344; Willis & Bro. v. Thompson, 85 Tex. 301, 20 S. W. 155.

In White v. Jacobs, Bernheim & Co., 66 Tex. 462, 1 S. W. 344, above cited, our Supreme Court, speaking through Chief Justice Willie, says:

"Either the question of title in the claimant, or that of his right to hold possession of the property as against the defendant in the process, is what is to be tried."

The case of Willis & Bro. v. Thompson, 85 Tex. 301, 20 S. W. 155, cites with approval the holding in the case of White v. Jacobs, Bernheim & Co.

The crops in the present case were the community property of Iona Collett and her husband, and the title of the wife and her right of possession were not adverse or hostile to his title or right of possession, but all her rights were in common, and identical with his.

[3] In our opinion, the answer of the jury to the effect that L. G. Collett owned no interest in the property was all that was necessary for the court to render judgment herein. The attachment was not levied on the one-half interest of H. C. Collett, but only on the other half as the property of A. F. Collett. Hence the only issue for the jury was whether Mrs. Iona Collett and L. G. Collett each owned a one-fourth as claimed by them. The jury found L. G. Collett owned no interest in the crops. So far as ownership is concerned, we are therefore confronted only with the contention of Mrs. Iona Collett that the remaining one-fourth was her separate property. It conclusively appears that the one-fourth owned by Mrs. Collett was the community property of herself and her husband, A. F. Collett, who was the defendant in the writ of attachment. The jury found against the claim of L. G. Collett. In fact, L. G. Collett is shown conclusively to have had no interest in the property. His testimony, as shown by the statement of facts, with reference to his ownership, is as follows:

"I turned over two $50 Liberty bonds, $60 and $170 or $180. I don't know just exactly the date I turned this money over to her first. I went to France in September, 1917, and I was home before I went to France on Christmas. That was the only time I was home until I was discharged. . I turned her over $170 then, and I turned over to her the $170 when I was in France. The two $50 Liberty bonds were sent to her while I was in San Antonio. That is all the money I sent her. She has paid me the biggest part of that money back. I was to get this money back out of her share of the crop if the share came to enough to pay me. That was agreed to in 1919."

The other testimony offered for L. G. Collett is to the same effect. This removes all questions as to the ownership of the property.

[4] The failure of the jury to answer immaterial questions did not affect the legality of the verdict. State v. Polytechnic (Tex. Civ. App.) 194 S. W. 1136; Silvers v. Payne (Tex. Civ. App.) 282 S. W. 876; Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112; Poole v. Dulaney, 19 Tex. Civ. App. 117, 46 S. W. 276.

[5] Immaterial issues answered by the jury may properly be disregarded by the court as surplusage, and not considered by the court in rendering judgment. Millers' Indemnity Und. v. Schrieber (Tex. Civ. App.) 240 S. W. 963; Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199; McGee v. Cage (Tex. Civ. App.) 283 S. W. 283. Besides, the undisputed evidence shows that L. G. Collett had no title to or right of possession in the property. Therefore the answer with reference to the homestead matter became immaterial.

[6-8] We express no opinion whatever on the question of whether the growing crops, while still unsevered from the land, are personal property or part of the realty. A decision of that question is not necessary to a decision of this case. The claimants in the affidavit and bond to try the right of personal property elected to treat the crops levied on as personal property by proceeding under a statute which applies only to personal property. A. F. Collett joined in the proceeding with them. Under and by virtue of the affidavit and bond for the trial of the right of personal property, they took charge of the crops, and gathered and sold them as personal property. They voluntarily invoked the statute under which they elected to proceed; therefore their rights, in so far as this case is concerned, must be asserted under the statute so invoked by them. The character of the property at the time plaintiffs in error were

required to appear in court to contest the rights of claimants determines the procedure by which that right should be determined. Jones v. Bull, 90 Tex. 187, 37 S. W. 1054. We are further of the opinion that, the attachment lien having been foreclosed on the crops in the original suit against A. F. Collett as personalty and Mrs. Iona Collett, and also A. F. Collett having expressly elected in this suit to treat the property as personalty by proceeding under a statute which applies alone to personal property, and the property being community, they are both bound by the original judgment against A. F. Collett, as the wife is not a necessary party to a suit involving exempt personal property.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of district court affirmed.