**UNION BANK & TRUST COMPANY, a Tennessee Banking Corp., Appellant,**

v.

**Jose MIRELES, Appellee.**

No. 13–84–254–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Henry H. McCreight, Jr., Houston, for appellant.

John K. Buck, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a judgment in favor of Jose Mireles stemming from a proceeding involving Trial of Right of Property.

These proceedings originated when appellant, Union Bank & Trust Company, (Union Bank) a Tennessee Corporation, sought satisfaction of a Tennessee judgment against one Richard Williams. The judgment granted the bank the right to foreclose its first lien and take possession of a 1980 Peterbilt truck registered in the state of Tennessee under William's name. The facts reveal that American Lenders was hired by the bank to recover the truck. A suit to enforce the foreign judgment and to obtain a writ of possession in Texas was instituted in the 197th District Court of Cameron County, Texas. George W. Storter was listed as attorney for the Bank on the notice of last known address of Richard Williams, which was filed in connection with this suit. A writ of possession was issued and American Lenders seized the truck from the possession of Jose Mireles, appellee, a stranger to the Tennessee judgment.

Thereafter, Mireles filed a Motion and Amended Motion in Support of Application for Trial of Right of Property, pursuant to TEX.R.CIV.P. 717. He alleged, among other things, that American Lenders had initiated these proceedings as agent for Union Bank & Trust; Richard Williams is not now nor was he ever the owner of the truck in question; and he, Jose Mireles, is and was at all material times, the owner of the truck.

The trial court set the Application for Trial of Right of Property for hearing on April 4, 1984. A hearing was held on that date as reflected by a judgment signed on April 6, 1984. This judgment reflects that Mireles, American Lenders and Richard Williams appeared at the hearing in person and by their respective attorneys of record and announced ready for trial. The judgment recites that Union Bank & Trust Co. "Plaintiff in the writ," failed to appear. After hearing evidence and argument, the court found for Mireles and ordered that he recover possession of the truck from the bank and that the bank execute any and all necessary instruments to reflect valid record title to the truck in Mireles. American Lenders was ordered to allow Mireles immediate possession of the truck.

On May 8, 1984, the judge signed what is entitled a Final Judgment in the case which, in addition to repeating the orders set out in the April 6, 1984, judgment, granted Mireles $13,612.78 attorney's fees,

$800.00 expenses and $66.67 damages per day commencing March 5, 1984 and continuing until valid title to the truck was delivered to Mireles. All these sums were awarded against Union Bank. In addition, the judgment provided for additional attorneys fees in the event of an appeal.

Appellant complains in two points of error that the trial court erred in rendering judgment because there was neither service of process nor an appearance by it in the Trial of Right of Property proceedings and that it did not have notice of the pleadings, the trial date or the date for hearing on damages.

Appellee contends that since the Honorable George W. Storter had appeared initially for Union Bank when the suit to enforce the foreign judgment was filed and since he appeared as attorney for American Lenders in connection with the Trial of Right of Property, the bank was represented at all proceedings and the judgment is proper.

The Trial of Right of Property is a statutory remedy made available to a third party claimant when personal property has been levied upon, and when the claimant is not a party to the writ under which the levy is made. *See* TEX.R.CIV.P. 717. It is intended to provide a means of giving a claimant a "summary method of asserting his title or right of possession, without resort to an ordinary suit for a recovery of the property or its value." *White v. Jacobs*, 66 Tex. 462, 1 S.W. 344, 345 (1886).[1] The 1981 amendments to the Rules of Procedure, Rules 717 through 734, were adopted to remedy certain constitutional deficiencies as to unlawful seizure and due process which existed under prior law. *See Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Stevenson v. Cullen Center, Inc.*, 525 S.W.2d 731 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

Appellee's argument ignores the fact that in both its Judgment and Final Judgment, the trial court specifically recites that the Bank failed to appear.

Under the rules pertaining to this type of proceeding, the plaintiff is referred to as the party originally seeking to enforce the foreign judgment or writ. Appellee repeatedly acknowledges his familiarity with this concept by referring in his brief to the Bank as the "plaintiff." The person claiming an interest in the property on which the writ has been levied is titled the "claimant." TEX.R.CIV.P. 718. TEX.R. CIV.P. 726 provides, "If the plaintiff does not appear, he shall be non-suited." When this is done the claimant has possession of the property and this specialized proceeding is ended.

The trial court erred in failing to follow the procedure directed by TEX.R.CIV.P. 726 in that it should have entered a non-suit with respect to Union Bank. Appellant's points of error one and two are sustained.

The judgment and final judgment of the trial court are REFORMED showing a non-suit of the Union Bank & Trust Company and, otherwise, such judgments are AFFIRMED.

---

1. The remedy was first adopted in Texas by the Fourth Congress of the Texas Republic in 1840.