

# NUMBER 13-14-00425-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARISSOL OCHOA SIERRA
AND EMILIO CHAPA TREVINO,                                        **Appellants,**

**v.**

CITY OF PHARR,                                                   **Appellee.**

## On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion by Justice Rodriguez**

This is an accelerated, interlocutory appeal involving a suit brought by appellants

Marissol Ochoa Sierra and her spouse Emilio Chapa Trevino in connection with an

allegedly wrongful sale of a 2010 Cadillac Escalade by appellee the City of Pharr (the

City).   Sierra and Trevino appeal the trial court's grant of the City's plea to the jurisdiction. In its plea, the City argued that the trial court had no jurisdiction over Sierra and Trevino's claims because "the evidence and pleadings do not support that [they] have standing" or "that the record owner made a timely claim."   By a single issue, Sierra and Trevino contend that the trial court erred in granting the City's plea to the jurisdiction.[1]   We affirm.

## I.   BACKGROUND[2]

A July 29, 2011 Pharr Police Department police report set out that an agent with Customs and Border Protection reported to Pharr police that he had Sierra in custody. She was in possession of $5000 as she attempted to enter Mexico driving the Escalade at issue in this case.   The police confiscated the money and the Escalade.   When Sierra provided documentation establishing her ownership of the money, the police returned it to her.   According to the police report, Sierra "informed [Officer Gerardo Garza] that her husband had purchased the vehicle from a friend of his about six months ago.   [Sierra] continued to inform [him] that her husband hadn't completed the transfer of ownership paperwork on said vehicle," and "couldn't provide any documents for the vehicle that she was operating."   The officer informed Sierra that they would need to contact the registered owner and would hold the Escalade pending proof of ownership.   According to the report, Sierra advised the officer "that she didn't care if she got the vehicle back" and that "she had no interest in the vehicle."

---

[1] By a second issue, Sierra and Trevino assert that the trial court erred in denying their motion for new trial.   But they do not develop this contention further with citations to the record or to authority.   We conclude that this issue is inadequately briefed, and we do not address it.   See TEX. R. APP. P. 38.1(i).

[2] We have taken the facts from Sierra and Trevino's live petition and from the evidence attached to the City's plea to the jurisdiction.

2

When the Escalade remained unclaimed for more than twenty days, the City put notices in a newspaper of general circulation in the area where the vehicle had been left. The notices set out that the vehicle had been taken into custody and that it would be declared abandoned if the registered owner or lien holder did not pick it up. Sierra claimed in her petition that "after several conversations with the Pharr Police Department," allegedly about the Escalade, "on December 22, 2011 [she] went in person to the Pharr Police Department in an effort to recover the 2010 Escalade." She alleged that "on that date [she] presented (1) the notarized bill of sale showing that . . . Trevino had purchased the vehicle on June 2, 2011, and (2) a notarized power of attorney authorizing her to act for . . . Trevino. At that meeting on December 22, 2011, an officer of [the] Pharr Police Department disclosed to [her] that the 2010 Escalade . . . had been sold."[3]

Seeking possession of the Escalade, Sierra and Trevino filed suit, asserting that the City had no valid claim to the vehicle—that it had no valid reason to seize or sell the Escalade. They filed an action for a trial of right of property, claiming that Trevino was the true owner of the Escalade and that Sierra was an authorized possessor and user of the Escalade. *See* TEX. R. CIV. P. 717 (setting out the statutory procedure for a third-party to proceed with a trial of the right of property); *Union Bank & Trust Co. v. Mireles*, 697 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1985, no writ) (explaining that a trial of right of property provides a means of giving the claimant a summary method of asserting his title levied upon, without resort to an ordinary suit for recovery of property or its value). By their trial-of-right-of-property action, Sierra and Trevino made a claim for the vehicle

---

[3] The vehicle in this case had apparently been disposed of through a justice court proceeding.

and demanded its return.

Sierra and Trevino also asserted a declaratory-judgment action, seeking the following declarations:

1. That Trevino was the true owner of the vehicle and that the vehicle should be returned to Trevino; and

2. That the City acted improperly by not complying with chapter 59 of the Texas Code of Criminal Procedure, which Sierra and Trevino claimed applied rather than the abandonment statutes because the City initially seized the vehicle from an owner or authorized user. *See* TEX. CODE CRIM. PROC. ANN. §§ 59.01–.14 (West, Westlaw through 2013 3d C.S.) (prescribing the procedures governing civil forfeiture).

Sierra and Trevino also requested a permanent injunction "requiring the City of Pharr to comply with Chapter 59 of the Texas Code of Criminal Procedure for any vehicle that is seized by the [City's] police department or any agents of the [City]."

The City filed a plea to the jurisdiction, arguing that Sierra and Trevino had no standing and that the record owner had made no timely claim. Based on these arguments, the City asserted that the trial court lacked jurisdiction to hear this claim. The City attached the following to its plea: (1) the Pharr Police Department reports regarding the incident; (2) the August 24 through October 12, 2011 newspaper notices regarding the vehicle in custody, which included the procedure required for the registered owner to secure the vehicle; (3) the documentation showing that Armando Guadalupe Bazan Garcia, who had an address in Mexico, had purchased the vehicle and was its registered owner; (4) the citation served on the City; and (5) a copy of Plaintiffs' First Amended Original Petition. Sierra and Trevino filed no response to the City's plea. After a non-evidentiary hearing, the trial court granted the plea to the jurisdiction.

4

Sierra and Trevino filed their motion for new trial, which was overruled by operation of law. This appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.).

## II.    STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam); *Morris*, 129 S.W.3d at 807. When a trial court bases its decision concerning a plea to the jurisdiction on the plaintiff's pleadings, we accept as true all factual allegations in the pleadings to determine if the plaintiff has met its burden to plead facts sufficient to confer jurisdiction on the court. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Morris*, 129 S.W.3d at 807. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we also consider relevant evidence submitted by the parties, even where those facts may implicate the merits of the cause of action. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citations

5

omitted). "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* (quoting *Miranda*, 133 S.W.3d at 228).

### III.    DISCUSSION

By their appellate issue, Sierra and Trevino contend that the trial court erred in granting the City's plea to the jurisdiction in this proceeding where they were "seeking to recover possession of the vehicle wrongfully being held by [the City]." Among other things, the City responds that Sierra and Trevino "identified no authority to establish their standing to present this claim to the court below." We agree with the City.

"Standing is a necessary component of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). It "deals with whether a litigant is the proper person to bring a lawsuit . . . ." *Amerada Hess Corp. v. Garza*, 973 S.W.2d 667, 680 (Tex. App.—Corpus Christi 1996, writ dism'd) (rejected on other grounds in *Sw. Refining Co., Inc. v. Bernal*, 22 S.W.3d 425, 434–35 (Tex. 2000)). Although we construe the pleadings in favor of the plaintiff and look to his intent, if the plaintiff clearly lacks standing, the trial court has no jurisdiction and must dismiss the cause of action. *See id.* at 680–81; *see also Brooks v. Chevron USA Inc.*, No. 13-05-00029-CV, 2006 WL 1431227, at *6 (Tex. App.—Corpus Christi May 25, 2006, pet. denied) (mem. op.).

Although Sierra and Trevino alleged that Trevino owned the vehicle, they provided no evidence to establish title or standing to seek recovery of the Escalade. Instead, the City provided a bill of sale, which it attached to its plea to the jurisdiction that identified Garcia as the registered owner of the vehicle. *See Nobles v. Marcus*, 533 S.W.2d 923,

6

926 (Tex. 1976) ("[A] deed is valid and represents prima facie evidence of title until there has been a successful suit to set it aside.").   And the police report attached to the City's plea set out that Sierra informed the reporting officer that the transfer of the paperwork for Trevino's purchase of the vehicle had not been completed.   Sierra and Trevino did not respond to this evidence by disputing it with contrary evidence.   They offered no evidence to establish that anyone other than Garcia owned that vehicle.   Because the City's plea challenged the existence of standing—a jurisdictional fact—we consider the City's relevant, undisputed evidence.   *See City of Waco*, 298 S.W.3d at 622.

Reviewing the trial court's ruling on a plea to the jurisdiction de novo, *see Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807, we conclude that the trial court did not err in granting the City's plea to the jurisdiction on the basis that it did not have jurisdiction of this claim because, as a matter of law, Sierra and Trevino did not have standing to present it.   *See Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46.   We overrule Sierra and Trevino's appellate issue.

## IV.   CONCLUSION

We affirm the order of the trial court granting the City's plea to the jurisdiction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of May, 2015.

7